McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2723

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED AT 11550 MUSHROOM TRAIL, GRASS VALLEY, NEVADA COUNTY, CALIFORNIA, APN: 53-130-31, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>         Defendant.<br>DAVID McELVAIN,<br><br>         Claimant. | **CIV. S-04-2470 LKK/KJM**<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER**<br><br><br>Date: June 1, 2005<br>Time: 10:00 a.m.<br>Courtroom: #26 |

   Plaintiff United States of America and claimant David McElvain hereby stipulate to the following protective order:

   1.   Claimant David McElvain [hereafter "claimant"] is the owner of the defendant real property.

   2.   Plaintiff United States of America has served discovery requests on claimant, and intends to depose him, in connection with this civil forfeiture action.

   3.   Responding to the plaintiff's discovery requests may cause claimant to incriminate himself, but asserting his Fifth

1

1 | Amendment right against self-incrimination would substantially
2 | interfere with his ability to contest this forfeiture action.
3 |     4.   Plaintiff agrees that no testimony or documents claimant
4 | produces in this civil forfeiture action, whether by way of
5 | discovery responses, deposition testimony, or trial testimony,
6 | shall be used by federal, state, or local authorities in connection
7 | with any criminal prosecution.
8 |     5.   Plaintiff agrees not to provide discovery documents,
9 | discovery responses, or deposition or trial testimony to any
10 | federal, state, or local prosecutor for use in a criminal
11 | prosecution, and agrees that this material shall be used only for
12 | the purposes of the prosecution, defense, or settlement of this
13 | action, and for no other purpose.
14 |     6.   Claimant understands that the material produced in
15 | discovery may be reviewed by paralegal or secretarial staff in the
16 | U.S. Attorney's Office or by law enforcement agents (federal,
17 | state, or local) solely for purposes of the prosecution, defense,
18 | or settlement of this civil forfeiture action, and for no other
19 | purpose.
20 |     7.   Nothing in this stipulation is intended to prevent a
21 | federal, state, or local law enforcement officer from attending
22 | claimant's deposition or the deposition of any witness.
23 |     8.   Nothing in this stipulation is intended to prevent the
24 | plaintiff from filing claimant's discovery responses or deposition
25 | testimony in court as exhibits to a motion such as a motion for
26 | summary judgment or motion to compel discovery, provided however
27 | that plaintiff will request said filings to be sealed.
28 | //

9.   This order shall survive the final disposition of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information produced hereunder.

Dated: May 24, 2005          McGREGOR W. SCOTT
                             United States Attorney


                       By:   /s/   kdoor
                             KRISTIN S. DOOR
                             Assistant U.S. Attorney
                             (Original signature on file
                             in attorney's office)


Dated: May 24, 2005          /s/ Victor C. Haltom
                             VICTOR S. HALTOM
                             Attorney for claimant
                             David McElvain
                             (Original signature on file
                             in attorney's office)

IT IS SO ORDERED.

Dated:  June 23, 2005.


                             _____
                             UNITED STATES MAGISTRATE JUDGE

3